UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACCEPTANCE INDEMNITY
INSURANCE CO.,

Plaintiff,

v.

JANEE SHEPARD, ET AL.,

Defendants.

Case No. 19-cv-12777

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER (1) GRANTING DEFENDANT JANEE SHEPARD'S MOTION TO SET ASIDE DEFAULT [#16]; (2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [#10] AS IT RELATES TO DEFENDANT JANEE SHEPARD; (3) HOLDING IN ABEYANCE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [#10] AS IT RELATES TO DEFENDANT ASM; AND (4) ORDERING PLAINTIFF TO SHOW CAUSE**

**I. INTRODUCTION**

On September 23, 2019, Plaintiff Acceptance Indemnity Insurance Company ("Plaintiff") filed the instant action for declaratory relief against Defendants Janee Shepard ("Shepard") and ASM Holdings, LLC ("ASM"). *See* ECF No. 1. Both Defendants failed to timely answer Plaintiff's Complaint.

Presently before this Court is Plaintiff's Motion for Default Judgment, which was filed on December 12, 2019. ECF No. 10. Defendant Shepard's Motion to Set Aside Default, which was filed on January 8, 2020, is also before the Court. ECF

1

No. 16.  Plaintiff filed a Response to Defendant Shepard's Motion on January 22, 2020.  ECF No. 17.  A hearing on Plaintiff's and Defendant Shepard's Motion was held on July 22, 2020.  This hearing was continued to July 27, 2020.  For the reasons set forth below, the Court will **GRANT** Defendant Shepard's Motion to Set Aside Default [#16].  The Court will also **DENY** Plaintiff's Motion for Default Judgment [#10] as it relates to Defendant Shepard.  Further, the Court will **HOLD IN ABEYANCE** Plaintiff's Motion for Default Judgment [#10] as it relates to Defendant ASM.  Finally, the Court will **ORDER** Plaintiff to show cause in writing, on or before, September 21, 2020, why this case should not be dismissed without prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Underlying Action

On June 9, 2017, Defendant Shepard filed a complaint in the Wayne County Circuit Court against Defendant ASM, *Janee Shepard v. ASM Holdings, LLC and ASM Services, LLC*, Case No. 17-008570-NO ("Underlying Action").  ECF No. 10, PageID.239.  In her complaint, Defendant Shepard alleged that on January 1, 2016, she fell over a vent/duct/register at 9585 Westwood Street, Detroit, Michigan.  *Id.* at PageID.238–39.  Defendant Shepard purported that she suffered injury as a result of her fall because of Defendant ASM's negligence.  *Id.* at PageID.239; *see also* ECF No. 1-1, PageID.12–13.

2

Plaintiff issued an insurance policy ("Policy") as part of the Affinity Insurance Program Marketing, LLC, which included Defendant ASM and the subject premises. ECF No. 10, PageID.239; *see also* ECF No. 1-3.   The Policy provided insurance coverage for bodily injury and/or property damage.  ECF No. 1, PageID.4.

Defendant ASM did not notify Plaintiff in the instant action of the incident on January 1, 2016 until April 18, 2016.[1]  ECF No. 1, PageID.6.  Moreover, Defendant ASM failed to notify Plaintiff of the following events: (1) when the Underlying Action was filed on June 9, 2017; (2) when service was perfected on August 25, 2017; (3) when their defaults were entered on October 31, 2017; and (4) when default judgment was entered on January 19, 2018.  *Id.* at PageID.7.

Defendant Shepard alleges that her counsel in the Underlying Action sent notice to Defendant ASM that she was injured while on its property and that it was instructed to "please turn this matter over to your carrier immediately in order to avoid the necessity of litigation[.]"  ECF No. 16, PageID.288, 296.  Defendant Shepard then purportedly received communication from Innovative Risk Management, which is Plaintiff's third-party administrator.   ECF No. 16, PageID.288.  She filed the Underlying Action in the Wayne County Circuit Court

---

[1] The Clerk of this Court entered default against Defendant ASM on November 20, 2019.  ECF No. 9.  These facts alleged in the Complaint are thus admitted as true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995) (citation omitted).

when the parties "were not able to resolve the matter without litigation." *Id.* at PageID.289.

When Defendant Shepard's complaint in the Underlying Action was filed, Defendant ASM could only be served with the summons and complaint through an alternate service. *Id.* On January 19, 2018 Defendant Shepard obtained a default judgment in the Underlying Action against Defendant ASM, in the amount of $475,000, plus interests and costs. ECF No. 1-2. Defendant ASM allegedly did not notify Plaintiff in the instant action of the default judgment until March 14, 2019. ECF No. 10, PageID.247.

Defendant Shepard's counsel issued a writ of garnishment through the post-judgment collection proceedings on August 26, 2019. ECF No. 1-4. Plaintiff claims that it only learned of the default judgment after Innovative Risk Management informed it that it was served with its first garnishment. ECF No. 17, PageID.407. Defendant Shepard asserts that she discovered through these post-judgment collection proceedings that Plaintiff was the actual insurer, not Innovative Risk Management. ECF No. 16, PageID.290.

## B. Instant Action

Plaintiff filed its Complaint for declaratory relief against Defendants Shepard and ASM in this Court on September 23, 2019. ECF No. 1. In its Complaint, Plaintiff requests entry of a declaratory judgment providing that it owes no duty to

indemnify Defendant ASM or otherwise be responsible to satisfy the judgment obtained by Defendant Shepard.  *Id.* at PageID.8.  Plaintiff asserts that Defendant ASM "failed to comply with policy conditions and breached agreements under the Policy," and thus "materially and permanently prejudice[ed its] ability to investigate and defend against" the Underling Action.  *Id.* at PageID.7.  Moreover, Plaintiff states that Defendant ASM failed to comply with a condition precedent under the Policy when it failed to provide timely notice or cooperate with it in defense of the Underlying Action.  *Id.*  Plaintiff therefore denied coverage for the claim made by Defendant Shepard against Defendant ASM.  *Id.* at PageID.8; *see also* ECF No. 1-5.

On October 24, 2019, Defendant Shepard was served with a Summons and a copy of the Complaint.  *See* ECF No. 4.  On October 28, 2019, Defendant ASM was served with a Summons and a copy of the Complaint.  *See* ECF No. 5.  Defendants did not answer or otherwise respond.  ECF No. 10, PageID.247.  Accordingly, on November 20, 2019, Plaintiff requested that the Clerk of the Court enter a default against each Defendant.  ECF Nos. 6, 7.  The Clerk entered a default against each Defendant that same day.  ECF Nos. 8, 9.

Plaintiff now moves the Court to enter default judgment against Defendants. ECF No. 10.  Plaintiff requests this Court to enter a default judgment awarding the following relief: (1) declaring that Plaintiff is not liable to pay or indemnify

Defendant ASM or Defendant Shepard; (2) declaring that Defendant Shepard does not have any right to any recovery against Plaintiff under its Policy; and (3) awarding any other relief as this Court may deem just and equitable—reserving the issue of attorneys' fees and costs. *Id.* at PageID.241.

Four days after Plaintiff filed its instant Motion, Defendant Shepard filed her Answer and Affirmative Defenses to Plaintiff's Complaint. ECF No. 11. Notably, the Answer is dated November 14, 2019. *Id.* at PageID.267. Defendant Shepard asserts that she originally filed her Answer, Affirmative Defenses, and a Proof of Service with this Court on November 15, 2019. ECF No. 16, PageID.288. She purports that the pleadings filed by her counsel "were either not received or not accepted" by this Court. *Id.* Defendant Shepard alleges that her counsel refiled its Answer and Affirmative Defenses "for a second time" once she received notice of Plaintiff's Motion for Default Judgment. *Id.*

Defendant Shepard filed her Motion to Set Aside Default on January 8, 2020. ECF No. 16. In her Motion, which is also presently before the Court, Defendant Shepard argues that she has good cause for setting aside the default and a meritorious defense to Plaintiff's claim. *Id.* at PageID.286. Plaintiff filed its Response to this Motion on January 22, 2020. ECF No. 17. Defendant Shepard did not file a Reply brief.

### III. LAW & ANALYSIS

#### A. Shepard's Motion to Set Aside Default

#### 1. Legal Standard

Federal Rule of Civil Procedure 55(c) allows for an entry of default to be set aside for good cause. *See* Fed. R. Civ. P. 55(c). When evaluating a motion to set aside a default, the Court should consider three factors: (1) whether the default was the result of the defendant's willful or culpable conduct; (2) whether the plaintiff would be prejudiced by setting aside the judgment; and (3) whether the defendant presented any meritorious defenses following the default. *United States v. $22,050 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010; *see also Union Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir. 1989).

The Court must consider all three factors when ruling on a motion to set aside entry of default. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). However, when a defendant has presented a meritorious defense and a plaintiff fails to demonstrate prejudice, it is an abuse of discretion to deny a Rule 55(c) motion absent culpable conduct. *See Kaufman Payton & Chapa, P.C. v. Bilanzich*, 11-15563, 2013 WL 1278192, *2 (E.D. Mich. Mar. 27, 2013).

The decision to set aside an entry of default is within the discretion of this Court. *See Shepard Claims Serv.*, 796 F.2d at 193. Federal courts strongly favor trials on the merits. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). The

Sixth Circuit applies a "somewhat more lenient standard" to "Rule 55(c) motions where there has only been an entry of default," as opposed "to Rule 60(b) motions where judgment has been entered." *Shepard Claims Serv.,* 796 F.2d at 193. However, even in Rule 60(b) cases, where a more stringent standard applies, the Sixth Circuit has stated that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter Co.*, 705 F.2d 839, 846 (6th Cir. 1983) (internal citations omitted).

### 2. Analysis

Defendant Shepard argues that there is good cause to set aside the Clerk's Entry of Default because she contends that (1) there was no culpable conduct that led to the default; (2) she has a meritorious defense to Plaintiff's Complaint; and (3) Plaintiff will not be prejudiced by setting aside the default in this matter. ECF No. 16, PageID.292. Plaintiff contests each of these factors in its Response. *See generally* ECF No. 17. Pursuant to the framework set forth by the Sixth Circuit, this Court finds that Defendant Shepard's Motion to Set Aside Default should be granted.

### a. Prejudice

First, the Court finds that Plaintiff has not demonstrated that it will be prejudiced if the default against Defendant Shepard is set aside. In order to establish prejudice, Plaintiff must point to something more than mere delay. *Thompson v. Am. Home. Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996). Indeed, every default

that has been set aside has resulted in some delay in the proceedings.  "Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d 391, 398 (6th Cir. 1987) (internal quotation and citation omitted).

In its Response, Plaintiff argues that it will be prejudiced by having to "expend substantial resources to litigate issues," including whether it had notice of the Underlying Action.  ECF No. 17, PageID.415.  Plaintiff also asserts that Defendant Shepard has "repeatedly garnished" it and its third-party administrator in the Wayne County Circuit Court.  *Id.*  It contends that it should not be subjected to "this ongoing harassment[.]"  *Id.*

Plaintiff's allegations alone will not suffice.  Here, the Court takes notice of defense counsel's legal assistant's affidavit, where Shawn Szymborski asserts that he filed the Answer and Affirmative Defenses to Plaintiff's Complaint upon noticing the Motion for Default Judgment on December 16, 2019.  ECF No. 16, PageID.399. It thus appears that Defendant Shepard, upon realizing her failure to timely respond to Plaintiff's Complaint upon receipt of Plaintiff's Motion via Certified U.S. Mail, sought to correct her mistake.  Other district courts within the Sixth Circuit have determined that where a defendant "files an answer shortly after learning that default had been entered, the delay is not lengthy and there is no pattern of disregard for

court orders or rules.  The strong policy in favor of deciding cases on the merits outweighed any inconvenience to the court or plaintiff." *See, e.g.*, *Kaufman Payton & Chapa, P.C. v. Bilanzich*, No. 11-15563, 2013 WL 1278192, at \*2 (E.D. Mich. Mar. 27, 2013) (citation omitted).

Accordingly, the Court cannot conclude that Plaintiff will be prejudiced in setting aside the default.

### b. Meritorious Defense

Second, Defendant Shepard has alleged the existence of a meritorious defense.  In the Sixth Circuit, a defendant must state "a defense good at law" in order to establish a meritorious defense.  *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391, 398–99 (6th Cir. 1987).  The asserted meritorious defense will be deemed sufficient so long as it contains "'even a hint of a suggestion' which, [if] proven at trial, would constitute a complete defense." *Id.*  A defendant need not demonstrate a likelihood of success on the merits. *Berthelsen v. Kane,* 907 F.2d 617, 621–22 (6th Cir. 1990).  Moreover, any ambiguous or disputed facts must be resolved in the light most favorable to the defendant.  *INVST Fin. Group*, 815 F.2d at 398.

Plaintiff asserts that its lack of notice of the Underlying Action "materially and permanently prejudice[ed its] ability to investigate and defend" against the Underlying Action.  ECF No. 1, PageID.7.  Moreover, Plaintiff states that Defendant

ASM breached its policy conditions by failing to provide timely notice or cooperate with it in defense of the Underlying Action. *Id.* Given that a default was entered against Defendant ASM, Plaintiff's allegations against it are accepted as true. However, in Defendant Shepard's Motion to Set Aside Default, she contests Plaintiff's claim that it lacked notice, asserting that *her counsel* specifically provided a copy of the Summons and Complaint to Plaintiff's third-party insurance adjuster. ECF No. 16, PageID.293. Defendant Shepard argues that her counsel's actions "completely negates the factual argument in Plaintiff's Complaint that it failed to receive[] timely notice" of her claim in the Underlying Action—even with Defendant ASM's inaction. *Id.*

To support her defense, Defendant Shepard provides a copy of the letter which her counsel in the Underlying Action sent to Plaintiff's third-party administrator, Innovative Risk Management. ECF No. 16, PageID.306. This letter was allegedly sent on June 14, 2017 to Matthew Bobula, Senior Commercial Adjuster. *Id.*

Plaintiff contests the sufficiency of Defendant Shepard's evidence; namely, the fact that the provided letter lacks proof that it was sent to the adjuster or that the adjuster received the letter. ECF No. 17, PageID.411. Plaintiff also argues that "Defendant Shepard has likewise failed to explain how the notice allegedly provided to the third party administrator is sufficient to establish notice to Plaintiff." *Id.* Moreover, Plaintiff attaches an affidavit of Mr. Bobula, who was the intended

recipient of Mr. Fantich's June 14, 2017 letter.  ECF No. 17-6.  He asserts that he did not receive Mr. Fantich's letter nor a copy of the summons and complaint filed in the Underlying Action.  *Id.* at PageID.439.

These underlying facts, which the parties dispute, are not yet properly before the Court.  At this juncture, the Court can find only that Defendant Shepard's assertions, if proven, would establish a meritorious defense.  Accordingly, the Court finds that this factor also weighs in favor of setting aside the default.

### c.  Culpability

The Court must consider all three factors when ruling on a motion to set aside entry of default.  *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 193 (6th Cir. 1986).  "[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a willful failure of the moving party to appear and plead."  *Id*. The defendant's conduct must be "particularly culpable" in order to "outweigh those two factors and tip the balance toward denial of relief."  *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 293 (6th Cir. 1992).  "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."  *Shepard Claims Serv., Inc.*, 796 F.2d at 194.

Here, the Court finds that there is no evidence in the record indicating that Defendant Shepard deliberately attempted to thwart these proceedings. Indeed, the delay appears to be accidental. Once defense counsel received notice of Plaintiff's Motion for Default Judgment via Certified U.S. Mail, he allegedly checked the register of actions in this matter. ECF No. 16, PageID.284. Once he discovered that the Answer, Affirmative Defenses, and Proof of Service did not appear on the docket, defense counsel filed the intended document within four days. *Id.*

The Court takes notice that Defendant Shepard filed her Answer and Affirmative Defenses thirty-two days after it was originally due. Plaintiff emphasizes that Defendant Shepard filed her Answer and Affirmative Defenses only after it filed its Motion for Default Judgment. ECF No. 17, PageID.408. However, the Court denotes that Defendant Shepard's counsel failed to file an appearance prior to its filing on December 16, 2019. Indeed, the Court thus questions whether Defendant Shepard had notice of the Clerk's entry of default. Defendant Shepard asserts that her counsel received Plaintiff's Motion for Default Judgment on December 16, 2019, which was sent via Certified U.S. Mail, ECF No. 10, PageID.254. Defendant Shepard filed her Answer and Affirmative Defenses to CM/ECF that same day. *See* ECF No. 11.

Plaintiff contests Defendant Shepard's claims that a member of her attorney's staff incorrectly filed her Answer, Affirmative Defenses, and Proof of Service on

November 15, 2019.  ECF No. 17, PageID.412.  It emphasizes that Defendant Shepard has not produced a return receipt or e-mail confirmation to establish that the original pleadings were forwarded to Plaintiff's counsel on that day.  *Id.* Moreover, Plaintiff asserts that the docket does not have a "Notice of Error" entry, which would appear if a party attempted to file a pleading but did so incorrectly.  *Id.*; *see also* ECF No. 17-2.  At the hearing, Defense counsel emphasized this was an "administerial error," and that he took "immediate action" upon noticing the Clerk's entry of default in filing the instant motion.  He admitted that he is not familiar with the federal court's process of uploading documents.  Defense counsel also recognized that he should have been monitoring the docket more closely.

In sum, the Court determines that there is no culpable conduct on behalf of Defendant Shepard which would justify refusing to set aside the clerk's entry of default.  While the fact that defense counsel and his staff do very few filings in federal court does not excuse Defendant Shepard's tardy answer, ECF No. 16, PageID.284, this information at least provides a reason for the delayed response.

After considering each of the three factors, the Court concludes that Defendant Shepard has established good cause for setting aside the entry of default pursuant to Rule 55(c).

### B. Plaintiff's Motion for Default Judgment

#### 1. Legal Standard

Federal Rule of Civil Procedure 55(b) permits the entry of judgment against a defendant who has failed to plead or otherwise defend against an action. Fed. R. Civ. P. 55(b). To obtain judgment by default, the plaintiff must first request a default from the clerk pursuant to Rule 55(a). *Shepard Claims Servs., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). "[E]ntry of a default against a defendant establishes the defendant's liability." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citation omitted).

Once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those relating to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995) (citation omitted). Rule 55(b)(2) provides that the Court "may" conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). However, a hearing is unnecessary if the evidence submitted is sufficient to support the damages request, or if the amount claimed may be discerned from definite figures in documentary evidence or affidavits. *McIntosh v. Check Resolution Serv., Inc.,* No. 10–14895, 2011 WL 1595150, at *4 (E.D. Mich. April 27, 2011) (citations omitted).

### 2. Analysis

#### a. Defendant Shepard

"[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment." *Mertik Maxitrol Gmbh & Co. Kg v. Honeywell Tech. Sarl*, No. 10-12257, 2011 WL3714634, at *3 (E.D. Mich. Aug. 24, 2011) (citation omitted).  Given that the Court has concluded that the entry of default against Defendant Shepard should be set aside, the Court thus denies Plaintiff's Motion for Default Judgment as it relates to Defendant Shepard.

#### b. Defendant ASM

In its Motion for Default Judgment, Plaintiff also moves this Court to enter a default judgment against Defendant ASM.  Specifically, Plaintiff requests that this Court declare that it's not liable to pay or indemnify Defendant ASM.  ECF No. 10, PageID.252.

Unlike Defendant Shepard, Defendant ASM has failed answer or otherwise respond to Plaintiff's Complaint.  The Clerk thus entered a default against Defendant ASM on November 20, 2019.  ECF No. 8.  The prerequisite to an entry of default judgment therefore exists as to Defendant ASM.

The Court takes notice, however, that Defendant Shepard has instituted post-judgment garnishment proceedings against Plaintiff and its third-party administrator in the Wayne County Circuit Court.  ECF No. 16, PageID.290; ECF No. 17,

PageID.415.  Defendant Shepard argues that Plaintiff is attempting to "avoid its contractual obligations," which are before the Wayne County Circuit Court, by filing the instant action in this Court.  ECF No. 16, PageID.290.  The Court thus has reservations about its jurisdiction to entertain Plaintiff's instant declaratory judgment action.  For example, the Sixth Circuit and the Supreme Court "have stated broadly that when presented with claims that raise issues which were the subject of, or inextricably intertwined with, state court decisions, the inferior federal courts must apply the *Rooker-Feldman* Doctrine and dismiss the claims, *even where the inextricably intertwined issues underlying the claims before it were not raised in state court, or where the time for appeal in the state court system has expired.*" *Coregis Ins. Co. v. City of Hamtramck*, 12 F.Supp.2d 650, 654 (E.D. Mich. 1998) (citations omitted) (emphasis in original).

Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory.  *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *see also Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.").

Additionally, the Sixth Circuit Court of Appeals has held that "in insurance coverage diversity cases[,] declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004). However, "[t]hat is not to say that there is a per se rule against exercising jurisdiction in actions involving insurance coverage questions." *Id.* at 812–13.

Instead, several factors have been articulated by the Sixth Circuit for a district court to consider when faced with a complaint seeking relief under the declaratory judgment act: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." *Grand Trunk W. R. Co. v. Consolid. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984); *see also Bituminous Cas*., 373 F.3d at 814-15.

These factors are neither addressed in Plaintiff's Complaint nor in its instant Motion for Default Judgment.  The Court will therefore require Plaintiff to show

cause in writing why this Court should not abstain from hearing the matter under the Declaratory Judgment Act and instead dismiss the case.

Accordingly, the Court will hold Plaintiff's Motion for Default Judgment, as it relates to Defendant ASM, in abeyance pending Plaintiff's response to this Court's instant Order to show cause.

## IV. CONCLUSION AND ORDER

For the reasons articulated above, it is **ORDERED** that Defendant Janee Shepard's Motion to Set Aside Default [#16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [#10], as it relates to Defendant Shepard, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [#10], as it relates to Defendant ASM, is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that Plaintiff show cause in writing, on or before, September 21, 2020, why this case should not be dismissed without prejudice. Plaintiff's Motion for Default Judgment, as it relates to Defendant ASM, shall be held in abeyance pending Plaintiff's response to this Order.

**IT IS SO ORDERED**.

Dated:        September 3, 2020

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

19

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 3, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager