UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACCEPTANCE INDEMNITY
INSURANCE CO.,

    Plaintiff,

    v.

JANEE SHEPARD, ET AL.,

    Defendants.

_____/

Case No. 19-cv-12777

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

**<u>OPINION AND ORDER (1) DISMISSING ORDER TO SHOW CAUSE [#27]; (2) GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [#10] AS IT RELATES TO DEFENDANT ASM; (3) DENYING DEFENDANT SHEPARD'S MOTION TO STAY PROCEEDINGS [#21]; AND (4) GRANTING PLAINTIFF'S MOTION TO STRIKE SUPPLEMENTAL BRIEF [#26]</u>**

**I. INTRODUCTION**

Plaintiff Acceptance Indemnity Insurance Company ("Plaintiff") filed the instant action for declaratory relief against Defendants Janee Shepard ("Shepard") and ASM Holdings, LLC ("ASM"). *See* ECF No. 1. On September 3, 2020, this Court set aside the default as to Defendant Shepard and held in abeyance Plaintiff's Motion for Default Judgment (ECF No. 10) as it relates to Defendant ASM. ECF No. 27. The Court also ordered Plaintiff to show cause why this case should not be

1

dismissed without prejudice in light of Defendant Shepard's actions in the Wayne County Circuit Court. *Id.* at PageID.623.

Presently before this Court are the following filings: (1) Defendant Shepard's Motion to Stay Proceedings (ECF No. 21); (2) Plaintiff's Motion for Default Judgment as to Defendant ASM (ECF No. 10); (3) Plaintiff's Motion to Strike Supplemental Brief (ECF No. 26); and (4) Plaintiff's Response to the Order to Show Cause (ECF No. 28). Upon review of the various Motions, the Court concludes that oral argument will not aid in the disposition of these filings. Accordingly, the Court will resolve the matter on the relevant briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, the Court will **DISMISS** its Opinion and Order (ECF No. 27) Ordering Plaintiff to Show Cause. Further, the Court will **GRANT** Plaintiff's Motion for Default Judgment as it relates to Defendant ASM [#10]. The Court will also **DENY** Defendant Shepard's Motion to Stay Proceedings [#21]. Lastly, the Court will **GRANT** Plaintiff's Motion to Strike Supplemental Brief [#26].

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Underlying Action

On June 9, 2017, Defendant Shepard filed a complaint in the Wayne County Circuit Court against Defendant ASM, *Janee Shepard v. ASM Holdings, LLC and ASM Services, LLC*, Case No. 17-008570-NO ("Underlying Action"). ECF No. 10, PageID.239. In her complaint, Defendant Shepard alleged that on January 1, 2016,

she fell over a vent/duct/register at 9585 Westwood Street, Detroit, Michigan. *Id.* at PageID.238–39. Defendant Shepard purported that she suffered injury as a result of her fall because of Defendant ASM's negligence. *Id.* at PageID.239; *see also* ECF No. 1-1, PageID.12–13.

Plaintiff issued an insurance policy ("Policy") as part of the Affinity Insurance Program Marketing, LLC, which included Defendant ASM and the subject premises. ECF No. 10, PageID.239; *see also* ECF No. 1-3. The Policy provided insurance coverage for bodily injury and/or property damage. ECF No. 1, PageID.4.

Defendant ASM did not notify Plaintiff in the instant action of the incident on January 1, 2016 until April 18, 2016.[1] ECF No. 1, PageID.6. Moreover, Defendant ASM failed to notify Plaintiff of the following events: (1) when the Underlying Action was filed on June 9, 2017; (2) when service was perfected on August 25, 2017; (3) when their defaults were entered on October 31, 2017; and (4) when default judgment was entered on January 19, 2018. *Id.* at PageID.7.

Defendant Shepard alleges that her counsel in the Underlying Action sent notice to Defendant ASM that she was injured while on its property and that it was instructed to "please turn this matter over to your carrier immediately in order to avoid the necessity of litigation[.]" ECF No. 16, PageID.288, 296. Defendant

---

[1] The Clerk of this Court entered default against Defendant ASM on November 20, 2019. ECF No. 9. These facts alleged in the Complaint are thus admitted as true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995) (citation omitted).

3

Shepard then purportedly received communication from Innovative Risk Management, which is Plaintiff's third-party administrator. ECF No. 16, PageID.288. She filed the Underlying Action in the Wayne County Circuit Court when the parties "were not able to resolve the matter without litigation." *Id.* at PageID.289.

When Defendant Shepard's complaint in the Underlying Action was filed, Defendant ASM could only be served with the summons and complaint through an alternate service. *Id.* On January 19, 2018 Defendant Shepard obtained a default judgment in the Underlying Action against Defendant ASM, in the amount of $475,000, plus interests and costs. ECF No. 1-2. Defendant ASM allegedly did not notify Plaintiff in the instant action of the default judgment until March 14, 2019. ECF No. 10, PageID.247.

Defendant Shepard's counsel issued a writ of garnishment through the post-judgment collection proceedings on August 26, 2019. ECF No. 1-4. Plaintiff claims that it only learned of the default judgment after Innovative Risk Management informed it that it was served with its first garnishment. ECF No. 17, PageID.407. Defendant Shepard asserts that she discovered through these post-judgment collection proceedings that Plaintiff was the actual insurer, not Innovative Risk Management. ECF No. 16, PageID.290.

B. Instant Action

In Plaintiff's Complaint for declaratory relief in this Court, Plaintiff requests entry of a declaratory judgment providing that it owes no duty to indemnify Defendant ASM or otherwise be responsible to satisfy the judgment obtained by Defendant Shepard. ECF No. 1, PageID.8. Plaintiff asserts that Defendant ASM "failed to comply with policy conditions and breached agreements under the Policy," and thus "materially and permanently prejudice[ed its] ability to investigate and defend against" the Underling Action. *Id.* at PageID.7. Moreover, Plaintiff states that Defendant ASM failed to comply with a condition precedent under the Policy when it failed to provide timely notice or cooperate with it in defense of the Underlying Action. *Id.* Plaintiff therefore denied coverage for the claim made by Defendant Shepard against Defendant ASM. *Id.* at PageID.8; *see also* ECF No. 1-5.

On October 24, 2019, Defendant Shepard was served with a Summons and a copy of the Complaint. *See* ECF No. 4. On October 28, 2019, Defendant ASM was served with a Summons and a copy of the Complaint. *See* ECF No. 5. Defendants did not answer or otherwise respond. ECF No. 10, PageID.247. Accordingly, on November 20, 2019, Plaintiff requested that the Clerk of the Court enter a default against each Defendant. ECF Nos. 6, 7. The Clerk entered a default against each Defendant that same day. ECF Nos. 8, 9.

On September 3, 2020, the Court issued an Opinion and Order granting Defendant Shepard's Motion to Set Aside Default (ECF No. 16), denying Plaintiff's Motion for Default Judgment (ECF No. 10) as it relates to Defendant Shepard, and holding in abeyance its Motion for Default Judgment as it relates to Defendant ASM. ECF No. 27.  In its Opinion and Order, the Court acknowledged that unlike Defendant Shepard, Defendant ASM has failed to answer or otherwise respond to Plaintiff's Complaint.  ECF No. 27, PageID.620.  Given that the Clerk entered a default against Defendant ASM, the prerequisite to an entry of default judgment exists as to Defendant ASM.  *Id.*  However, the Court denoted that Defendant Shepard instituted post-judgment garnishment proceedings against Plaintiff and its third-party administrator in the Wayne County Circuit Court.  *Id.*  The Court thus expressed its reservations about its jurisdiction to entertain Plaintiff's instant declaratory judgment action and ordered Plaintiff to show cause why this case should not be dismissed without prejudice.  *Id.* at PageID.621, 623.

There are four separate filings presently before the Court.  First, the Court is in receipt of Plaintiff's timely filed Response to the Court's Opinion and Order (ECF No. 27) Ordering Plaintiff to Show Cause.  ECF No. 28.  In its Response, Plaintiff addresses the Sixth Circuit's five *Grand Trunk* factors.  *See* ECF No. 27, PageID.622.  Plaintiff argues that the proper exercise of this Court's discretion is to

retain jurisdiction over this matter. ECF No. 28, PageID.635. It therefore requests the Court to declare its Order to Show Cause satisfied and vacated. *Id.*

Second, Plaintiff's Motion for Default Judgment, as it relates to Defendant ASM, is presently held in abeyance. ECF No. 10. The Court decided to hold this Motion in abeyance pending Plaintiff's response to the Order to Show Cause. ECF No. 27, PageID.623. Plaintiff requests the Court enter a default judgment declaring that it is not liable to pay or indemnify Defendant ASM. ECF No. 10, PageID.241.

Third, Defendant Shepard's Motion to Stay Proceedings is before the Court. ECF No. 21. She moves the Court to stay the present proceedings to allow her to file a motion to appoint a receiver over the assets of Defendant ASM before Judge Murphy in the Wayne County Circuit Court. ECF No. 21. According to Defendant Shepard, "[i]t makes no sense to allow two actions to proceed, one in federal court and one in state court that will determine the very same factual issue of whether or not Plaintiff Acceptance received notice of the Defendant Janee Shepard's damage claim incurred on Defendant ASM's property." *Id.* at PageID.452.

Plaintiff opposes Defendant Shepard's present Motion, emphasizing that Defendant Shepard has taken no action to advance either this case or the state case. ECF No. 41, PageID.671. According to Plaintiff, "[n]o stay is necessary or deserved under the facts of the case." *Id.* Defendant Shepard did not file a Reply.

7

Lastly, Plaintiff's Motion to Strike Defendant Shepard's Supplemental Brief (ECF No. 24) (hereinafter, "Motion to Strike") is before the Court. ECF No. 26. The Court previously held a hearing on Plaintiff's Motion for Default Judgment (ECF No. 10) and Defendant Shepard's Motion to Set Aside Default (ECF No. 16) on July 22, 2020 and July 27, 2020. ECF Nos. 19, 22. While awaiting a decision from the Court on these motions, Defendant Shepard filed a supplemental brief on August 26, 2020. ECF No. 24. As emphasized in Plaintiff's Motion to Strike, Defendant Shepard did not seek concurrence before filing her brief. Plaintiff argues in its present Motion to Strike that Defendant Shepard's tardy filing, "is a clear violation of the court rules and must be rejected." ECF No. 26, PageID.578.

### III. LAW & ANALYSIS

#### A. Order to Show Cause (ECF No. 27)

The Court previously required Plaintiff to show cause why this Court should not abstain from hearing the present matter under the Declaratory Judgment Act and instead dismiss the case. ECF No. 27, PageID.622–23. As indicated *supra*, the Court denotes in its Opinion and Order that Defendant Shepard instituted post-judgment garnishment proceedings against Plaintiff and its third-party administrator in the Wayne County Circuit Court. *Id.* at PageID.620 (citations omitted).

Plaintiff timely filed its Response to the Court's Opinion and Order Ordering Plaintiff to Show Cause. ECF No. 28. Plaintiff addresses each of the five factors

8

set forth in *Grand Trunk W. R. Co. v Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) for the Court to consider when faced with a complaint seeking relief under the Declaratory Judgment Act. Upon review of Plaintiff's Response, the Court finds that Plaintiff has adequately addressed the Court's concerns in exercising jurisdiction over this matter regarding the central issue of coverage.

Accordingly, the Court will dismiss its Opinion and Order (ECF No. 27) Ordering Plaintiff to Show Cause.

### B. Plaintiff's Motion for Default Judgment as to Defendant ASM (ECF No. 10)

In light of the Court's dismissal of its Order to Show Cause, it will now turn to Plaintiff's Motion for Default Judgment as it relates to Defendant ASM. As indicated *supra*, Plaintiff requests that this Court declare that it is not liable to pay or indemnify Defendant ASM. ECF No. 10, PageID.252.

#### 1. Legal Standard

Federal Rule of Civil Procedure 55(b) permits the entry of judgment against a defendant who has failed to plead or otherwise defend against an action. Fed. R. Civ. P. 55(b). To obtain judgment by default, the plaintiff must first request a default from the clerk pursuant to Rule 55(a). *Shepard Claims Servs., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). "[E]ntry of a default against a defendant establishes the defendant's liability." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citation omitted).

Once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those relating to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995) (citation omitted). Rule 55(b)(2) provides that the Court "may" conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). However, a hearing is unnecessary if the evidence submitted is sufficient to support the damages request, or if the amount claimed may be discerned from definite figures in documentary evidence or affidavits. *McIntosh v. Check Resolution Serv., Inc.,* No. 10–14895, 2011 WL 1595150, at *4 (E.D. Mich. April 27, 2011) (citations omitted).

### 2. Analysis

As the Court determined in its prior Opinion and Order, Defendant ASM has failed to answer or otherwise respond to Plaintiff's Complaint. The Clerk therefore entered a default against Defendant ASM on November 20, 2019. ECF No. 8. The prerequisite to an entry of default judgment under Rule 55 therefore exists as to Defendant ASM. ECF No. 27, PageID.620.

The Court must now determine whether it should grant Plaintiff's Motion and declare that Plaintiff is not liable to pay or indemnify Defendant ASM. "When considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts;

6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citation omitted). The Court will consider reach of these factors as they relate to Defendant ASM below.

The first factor weighs in favor of entering default judgment. Plaintiff would suffer prejudice if the Court were to deny its Motion and dismiss this action without prejudice. Given that Defendant ASM has failed to answer or otherwise respond to Plaintiff's present Complaint, it is unlikely that Defendant ASM would respond to a subsequent complaint should Plaintiff have to re-file this matter. *See Westfield Ins. Co. v. Pavex Corp.*, No. 17-14042, 2019 WL 851029, at *2 (E.D. Mich. Feb. 22, 2019). Indeed, "[t]he continuation of this case would only lead to Plaintiff enduring further prejudice because Plaintiff would still remain liable to claimants without receiving any relief from Defendant[]." *Id.*

The Court agrees with Plaintiff that the second and third factors also weigh in favor of default judgment. ECF No. 10, PageID.250. As indicated above, the Clerk of this Court entered default against Defendant ASM on November 20, 2019. ECF No. 8. The facts alleged in Plaintiff's Complaint are thus admitted as true. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) ("Since Plaintiff's factual allegations are considered true … the analysis of the second and third factors

becomes rather straightforward."); *see also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995) (citation omitted).

The fourth factor concerning monetary damages is not an issue in this matter, as Plaintiff is only seeking declaratory relief. ECF No. 10, PageID.251. As for the fifth factor—the possible disputed material facts—Defendant ASM forfeited its right to dispute the present allegations by not answering the Complaint. The sixth factor—whether the default was due to excusable neglect—also weighs in favor of default judgment, as the Court finds that Defendant ASM's failure to answer the Complaint was not a result of excusable neglect. Defendant ASM was served with the Complaint on October 28, 2019. ECF No. 5. Importantly, a significant period of time has passed since the default was entered. ECF No. 9.

Lastly, regarding the seventh factor, the Court acknowledges that public policy favors the resolution of cases on the merits. *Shepard Claims Serv., Inc. v. William Darah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). However, as described in detail above, Defendant ASM has prevented a merits-based resolution by not appearing in this case. *See Westfield Ins. Co.*, No. 17-14042, 2019 WL 851029, at *3 (citation omitted).

In sum, the seven factors weigh in favor of granting Plaintiff's Motion. Accordingly, the Court will grant in part Plaintiff's Motion as it relates to Defendant ASM. Plaintiff is therefore not liable to pay or indemnify Defendant ASM.

**C. Defendant Shepard's Motion to Stay Proceedings (ECF No. 21)**

Next, Defendant Shepard's Motion to Stay Proceedings is before the Court. ECF No. 21. Defendant Shepard filed this Motion on the same day that the Court was scheduled to hear arguments for Plaintiff's Motion for Default Judgment (ECF No. 10) and Defendant Shepard's Motion to Set Aside Default (ECF No. 16). In her Motion, Defendant Shepard explains that a stay of proceedings in this matter would allow her to file a motion to appoint receiver over the assets of Defendant ASM in the Wayne County Circuit Court. *Id.* at PageID.452. She explains "[a] receiver would be permitted to retain counsel and defend the interests of Defendant ASM or in the alternative assign the rights to receive insurance benefits to the Defendant Janee Shepard, a judgment creditor." *Id.*

**1. Legal Standard**

"'[D]istrict courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion.'" *Ryan v. Gonzales*, 568 U.S. 57, 73 (2013) (quoting *Rhines v. Weber*, 544 U.S. 269, 276 (2005); citing *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)). Indeed, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, [and] for counsel and for litigants[.]" *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir.

2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).

Courts should consider the following factors when a stay is requested: the need for a stay, the balance of the relative harms to the parties and the public, and the promotion of judicial economy by avoiding duplicative litigation. *Wheelabrator Clean Water Sys. v. Old Kent Bank & Trust Co.*, No. 1:93-CV-1016, 1995 U.S. Dist. LEXIS 2330, *1 (W.D. Mich. Jan. 30, 1995) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* at 627–28 (internal quotation marks and citation omitted) (alteration in original).

### 2. Analysis

Defendant Shepard exclusively cites to Federal Rule of Civil Procedure 62(b)(1) as grounds to support her present Motion. ECF No. 21, PageID.453. Rule 62(b), however, applies to post-judgment stays of execution, which a party may obtain by providing a bond or other security. As Plaintiff correctly identifies in its Response, no judgment has been entered in this matter. ECF No. 31, PageID.666. Defendant Shepard can thus not obtain relief under this rule.

As indicated *supra*, Defendant Shepard seeks a stay in order to file a motion to appoint receiver over the assets of Defendant ASM in the state court action.

Importantly, however, Defendant Shepard has not taken any action in the state court proceeding since January 21, 2020.  *See* ECF No. 31-6.  The Court questions Defendant Shepard's sincerity in proceeding with her motion in the state court, as several months have passed since Defendant Shepard's present filing in this Court.

"[A] court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council V. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).  Here, Defendant Shepard has failed to address whether any other party, particularly Plaintiff, or the public would suffer any harm from the requested stay.  Moreover, Defendant Shepard has not presented any case law, controlling or otherwise, to support her contention that "[i]t makes no sense to allow two actions to proceed, one in federal court and one in state court that will determine the very same factual issue[.]"  ECF No. 21, PageID.452.  Importantly, Defendant Shepard offers no insight into the anticipated length of the state court proceedings or of the requested stay.  The resulting prejudice to Plaintiff, a party entitled to a determination of its claims without undue delay, *see Ohio Envt'l Council*, 565 F.2d at 396, is apparent.

In sum, the Court finds that granting a stay in this matter would not promote timely and efficient case resolution.  Moreover, the Court concludes that Defendant Shepard has not established good cause for the requested stay, nor has she established that "there is pressing need for delay." *FTC v. E.M.A. Nationwide, Inc.*,

767 F.3d 611, 627–28 (6th Cir. 2014) (internal quotation marks and citation omitted) (alteration in original).

Accordingly, Defendant Shepard's Motion will be denied.

### D. Plaintiff's Motion to Strike (ECF No. 26)

The final matter presently before the Court is Plaintiff's Motion to Strike. ECF No. 26. Plaintiff moves the Court to strike Defendant Shepard's Supplemental Brief in Support of her Motion to Set Aside (hereinafter, "Supplemental Brief") (ECF No. 24). For the reasons discussed below, the Court will grant Plaintiff's Motion.

### 1. Legal Standard

The Sixth Circuit has held that "[m]atters of docket control and discovery are within the sound discretion of the district court." *Jones v. Northcoast Behav. Healthcare Sys.*, 84 F. App'x 597, 599 (6th Cir. 2003). Moreover, the Sixth Circuit has determined that a district court "does not have to accept every filing submitted by a party." *Id.* This Court's Practice Guidelines require "strict compliance with Local Rules 5.1 and 7.1" for all motions. Local Rule 7.1(a)(1) provides that a movant must ascertain whether the contemplated motion will be opposed. If a movant does not ascertain this information, the motion must specify why concurrence was not obtained according to Local Rule 7.1(a)(2). Moreover, Local Rule 7.1(d)(1)(A) specifies that each motion must be accompanied by a single brief.

16

### 2. Analysis

Upon review of Defendant Shepard's Supplemental Brief, it is clear Defendant Shepard failed to comply with the aforementioned Local Rules. First, Defendant Shepard failed to seek leave to file her Supplemental Brief. *See Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp.*, 463 F.3d 478, 488 (6th Cir. 2006) (emphasizing that the movant did not seek leave to file a supplemental/reply brief before upholding the district court's decision to strike the brief). Second, Defendant Shepard violated Local Rule 7.1(a) by not seeking concurrence. Third, Defendant Shepard violated Local Rule 7.1(d) by filing more than one brief to accompany her Motion to Set Aside Default. Approximately one month after the Court held a hearing on Defendant Shepard's Motion to Set Aside Default and Plaintiff's Motion for Default Judgment, Defendant Shepard filed her Supplemental Brief. Accordingly, the Supplemental Brief, in addition to violating this District's Local Rules, is significantly untimely.

Moreover, the Court denotes that even if Defendant Shepard properly filed a motion for leave prior to filing her Supplemental Brief, good cause would not have existed to permit her filing. *See Harshaw v. Bethany Christian Servs.*, No. 1:08-cv-104, 2010 WL 610262, at *1 (W.D. Mich. Feb. 19, 2010) (requiring that good cause must be shown in a motion for leave prior to filing supplemental brief). Indeed, Defendant Shepard declined to file a Reply to her Motion after Plaintiff timely filed

its Response. Defendant Shepard's Supplemental Brief was filed approximately seven months after her deadline to file a Reply.

Accordingly, the Court will grant Plaintiff's Motion to Strike [#26]. Defendant Shepard's Supplemental Brief [#24] is therefore stricken.

### IV. CONCLUSION & ORDER

For the reasons articulated above, **IT IS HEREBY ORDERED** that the Order to Show Cause [#27] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [#10] as to Defendant ASM Holdings, LLC is **GRANTED**. Plaintiff is therefore not liable to pay or indemnify Defendant ASM Holdings, LLC.

**IT IS FURTHER ORDERED** that Defendant Shepard's Motion to Stay Proceedings [#21] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Supplemental Brief [#26] is **GRANTED**. Defendant Shepard's Supplemental Brief [#24] is therefore **STRICKEN.**

**IT IS FURTHER ORDERED** that the parties appear before the Court for Scheduling/Status Conference on <u>March 24, 2021 at 10:00 a.m.</u>

**IT IS SO ORDERED.**

Dated:   March 22, 2021

<u>s/Gershwin A. Drain</u>  
HON. GERSHWIN A. DRAIN  
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 22, 2021, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager