UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACCEPTANCE INDEMNITY INSURANCE
COMPANY,

Plaintiff,

v.

JANEE SHEARD, et al.,

Defendants.

Case No. 19-cv-12777

U.S. District Court Judge
Gershwin A. Drain

_____/

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 46) AND DENYING DEFENDANT SHEPARD'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 51)

## I.   INTRODUCTION

On September 23, 2019, Plaintiff Acceptance Indemnity Insurance Company ("Acceptance") filed the instant action for declaratory relief against Defendants Janee Shepard and ASM Holdings, LLC ("ASM"). Compl., ECF No. 1. Acceptance seeks a declaratory judgment "providing that it owes no duty to indemnify Defendant ASM Holdings or otherwise be responsible to satisfy the judgment obtained by Defendant Shepard." *Id.* at PageID.8. The Court issued an opinion and order granting default judgment against ASM on March 22, 2021. ECF No. 32.

1

Presently before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 46) and Defendant Shepard's Counter Motion for Summary Judgment (ECF No. 51). Defendant Shepard responded to Plaintiff's Motion, ECF No. 50, and Plaintiff timely replied, ECF No. 52. Likewise, Plaintiff responded to Defendant Shepard's Motion. ECF No. 53. The court held a hearing on both Motions on April 25, 2022. For the following reasons, the Court will **GRANT** Plaintiff's Motion for Summary Judgment (ECF No. 46) and **DENY** Defendant Shepard's Counter Motion for Summary Judgment (ECF No. 51).

## II.   FACTUAL & PROCEDURAL BACKGROUND

Acceptance issued an insurance policy (the "Policy") as part of the Affinity Insurance Program Marketing, LLC, which included Defendant ASM and 9585 Westwood Street, Detroit, Michigan (the "Subject Premises"). Pl. Mot. For Default J., ECF No. 10, PageID.239; *see also* Policy, ECF No. 1-3. The Policy provided insurance coverage for bodily injury and/or property damage. Compl., ECF No. 1, PageID.4. Its effective dates were March 1, 2015 to March 1, 2017. Def. Mot. for Summ. J., ECF No. 51, PageID.1263.

According to her complaint filed in the Wayne County Circuit Court, Defendant Shepard tripped over a vent/duct/register at the Subject Premises on January 1, 2016. Shepard Compl., ECF No. 1-1, PageID.12. She alleged that she

2

suffered injury as a result of her fall, which she attributed to Defendant ASM's negligence as her landlord.  *Id.*  In a letter dated April 11, 2016, Defendant Shepard's counsel at the time, Brian Fantich, notified ASM Services LLC of her injury and requested the matter be forwarded to its liability insurance carrier.  Notification Ltr., ECF No. 50-1, PageID.1037.  Thus, on April 18, 2016, ASM filed a claim with Acceptance regarding the incident.  Claim, ECF No. 50-1, PageID.1040-43.  The claim was logged in Acceptance's system on April 20, 2016.  Event Log, ECF No. 50-1, PageID.1045-66.

Claims adjusters from Innovative Risk Management ("IRM") investigated the incident during April and May 2016.  *See generally* IRM Emails, ECF No. 50-1, PageID.1068-81.  As discussed in greater detail in Section IV.B *infra*, the parties dispute IRM's relationship to Acceptance.  Plaintiff asserts IRM is the third-party claim administrator for ASM.  *See, e.g.*, Pl. Reply to Mot. for Summ. J., ECF No. 52, PageID.1501.  Defendant Shepard, however, argues IRM operated as Acceptance's agent.  *See, e.g.*, Def. Resp. to Pl. Mot. for Summ. J., ECF No. 50, PageID.1022.  Notably, one of the adjusters, Johnathan Pierce, told Fantich that IRM "handle[s] the general liability policy for the alleged loss location" and asked the attorney to contact him regarding any claims against "[his] insured."  *Id.* at PageID.1069.  Additionally, a little over a month after IRM initiated communication,

3

a different IRM adjuster, Matt Bobula, wrote Fantich that the case had been reassigned to him and explained that IRM "is the claim administrator for ASM Holdings." *Id.* at PageID.1070.

After IRM completed its investigation, Bobula informed Fantich via letter dated June 13, 2016 that ASM's "management office had no prior notice of any issue with the vent involved in this loss" so there was "no negligence on the part of the insured and therefore no liability." Negligence Denial Ltr., ECF No. 50-1, PageID.1083. He also reiterated that IRM is the "Third Party Administrators (TPA) handling claims for ASM Holdings, LLC" and that Shepard's claim had "been assigned to [IRM's] office for handling." *Id.*

On June 9, 2017, Defendant Shepard filed a complaint against Defendant ASM and ASM Services LLC in Wayne County Circuit Court, Case No. 17-008570-NO (the "Underlying Action"). Pl. Mot. For Default J., ECF No. 10, PageID.239. She asserts that Fantich also mailed a courtesy copy of the Summons and Complaint to Bobula on June 14, 2017, but Bobula denies receipt of the mailing. *See* Courtesy Copy Ltr., ECF No. 50-1, PageID.1086; Bobula Aff., ECF No. 17-6, PageID.439.

Defendant Shepard obtained alternate service on the ASM entities on August 25, 2017. Affs. of Service, ECF No. 50-1, PageID.1173-74. Nevertheless, she avers "[t]here is no evidence that the new resident agent of ASM, Thomas Smith[,] actually

4

received the [s]ummons and [c]omplaint or had notice that a Wayne County lawsuit had been filed," despite the summons and complaint being sent to both addresses registered for the ASM entities.[1]  Pl. Resp. to Def. Mot. for Summ. J., ECF No. 50, PageID.1016.  Then, on January 19, 2018, Shepard obtained a default judgment in the Underlying Action in the amount of $475,000, plus interest and costs.  Order for Default J., ECF No. 1-2.  This order was also sent to both addresses registered for the ASM entities, but Shepard again contends "there is no indication that Defendant ASM received a copy of the Judgment."  Pl. Resp. to Def. Mot. for Summ. J., ECF No. 50, PageID.1016.

After a year without payment, Defendant Shepard initiated post-judgment collection proceedings.  On February 4, 2019, Shepard's current counsel obtained a writ for garnishment against IRM for the full amount of the unsatisfied judgment.  Writ for Garnishment, ECF No. 50-1, PageID.1177.  According to a Garnishee Disclosure Form completed on April 1, 2019, IRM received the writ on March 15, 2019.  Garnishee Disclosure, ECF No. 50-1, PageID.1183.  Acceptance asserts that

---

[1] During the hearing on the Motions for Summary Judgment, Defense Counsel clarified that he does not mean to attack the validity of the judgment in the Underlying Action by asserting ASM was not properly served.  Instead, he argues there is a difference between service that was "reasonably calculated to give [] actual notice of the proceedings," Alt. Service Order, ECF No. 50-1, PageID.1091, and confirmation that Smith or another ASM agent did, in fact, receive notice of the lawsuit or judgment.

5

IRM disclosed it was not, in fact, ASM's insurer on April 1, 2019. Pl. Mot. for Summ. J., ECF No. 46, PageID.759. However, Defendant Shepard contends that Plaintiff's counsel—who was also counsel for IRM—disclosed that Acceptance was the true insurer in response to interrogatories issued during the post-judgment collection proceedings, *see* Def. Mot. to Set Aside, ECF No. 16, PageID.290.

On June 24, 2019, IRM issued a letter to ASM explaining that, after review of the Policy, "ASM failed to comply with the Commercial General Liability Conditions and specifically required Duties in the reporting, ongoing cooperation, notifications and communications." Notice Denial Ltr., ECF No. 1-5, PageID.222. In particular, ASM did not notify Acceptance of the incident on January 1, 2016 until April 18, 2016, did not notify Acceptance of the suit filed on June 9, 2017, did not notify Acceptance when service was perfected on August 25, 2017, did not notify Acceptance when a default judgment was entered on January 19, 2018, and did not respond to IRM's inquires on March 20, 2019. *Id.* at PageID.225. Thus, "Acceptance hereby disclaim[ed] coverage and any duty to defend or indemnify ASM in this matter." *Id.*

Defendant Shepard completed a Request for Garnishment against Acceptance on August 26, 2019 that was ostensibly rejected.[2]  Rejected Garnishment Req., ECF No. 1-4, PageID.220.

Thereafter, Acceptance filed the instant declaratory judgement action on September 23, 2019.  Compl., ECF No. 1.  As stated in Section I *supra*, Acceptance requests entry of a declaratory judgment providing that it is not liable to pay or indemnify Shepard or ASM and that Shepard does not have a right to recover against Acceptance under the Policy.  *Id.* at PageID.8.  Plaintiff asserts ASM "failed to comply with policy conditions and breached agreements under the Policy," and thus "materially and permanently prejudice[ed Acceptance's] ability to investigate and defend against" the Underling Action.  *Id.* at PageID.7.  Moreover, Plaintiff avers ASM failed to comply with a condition precedent under the Policy when it failed to provide timely notice to, or cooperate with, Acceptance in defense of the Underlying Action.  *Id.*

On October 30, 2019, Defendant Shepard again attempted to garnish Plaintiff through the Underlying Action.  Pl. Mot. for Summ. J., ECF No. 46, PageID.759.

---

[2] This request is not included in the docket of the Underlying Action, and there is nothing on the request itself to indicate the document was filed or subsequently rejected.   Nevertheless, Defendant Shepard has not disputed Plaintiff's characterization.

7

Plaintiff responded on November 1, 2019 that there was no coverage under the Policy for this loss because Acceptance was not timely notified of the lawsuit. *Id.* Shepard tried to garnish Acceptance for the last time on January 21, 2020. Plaintiff objected to the Writ because it was misaddressed and "Acceptance is not indebted to the defendants for any amount and does not possess or control the defendant's property for the reason that there is no coverage under the policy of insurance." Garnishee's Obj., ECF No. 50-1, PageID.1186.

Prior to Shepard's final garnishment attempt, the Clerk of Court entered defaults against both ASM and Shepard in the instant action on November 20, 2019. ECF Nos. 8, 9. The Court ultimately set aside the default as to Defendant Shepard on September 3, 2020, ECF No. 27; however, the Court entered a default judgment against ASM on March 22, 2021, ECF No. 33. While the Court was resolving the defaults, ASM assigned its rights under the Policy to Defendant Shepard on July 29, 2020. Assignment of Rights, ECF No. 50-1, PageID.1196.

Notably, Defendant Shepard has also averred "Defendant ASM is no longer functioning as an active Michigan Corporation." Def. Mot. to Set Aside, ECF No. 16, PageID.291. Presumably, ASM went out of business at some point between filing the claim for Shepard's incident in April 2016 and when the Underlying Action commenced in June 2017.

8

### III.   THE INSTANT MOTIONS

### 1.  Plaintiff's Motion for Summary Judgment

Acceptance moved for Summary Judgment on several grounds.  *See* Pl. Mot. for Summ. J., ECF No. 46.  First, Plaintiff argues Defendant Shepard, as ASM's assignee, is subject to the default judgment already entered against ASM.  *Id.* at PageID.762.  Second, Plaintiff contends the judgment entered against ASM is binding on Defendant Shepard as the law of the case.  *Id.* at PageID.764.  Third, Plaintiff avers Defendant Shepard is estopped from disputing the preclusive effect of the judgment entered against ASM under the doctrines of res judicata and collateral estoppel because she could have responded on ASM's behalf.  *Id.* at PageID.768.  Finally, Plaintiff asserts neither Shepard nor ASM timely notified Acceptance of the Underlying Action, in violation of the Policy, *id.* at PageID.770-71, and Acceptance was prejudiced by not learning of the Underlying Action until after the default judgment had already been entered, *id.* at PageID.773.

Shepard responded that her right to recover under the Policy was not affected by the default judgment against ASM because ASM had already conveyed its right to receive insurance benefits to Shepard before the default judgment was entered.  Def. Resp. to Pl. Mot. for Summ. J., ECF No. 50, PageID.1023.  Moreover, Shepard argues she has actively defended the litigation both before and after the assignment

9

of rights.  *Id.*; *id.* at PageID.1026-27.  Shepard also contests the preclusive effect of the default judgment against ASM because the "Court never considered the substantive merits of ASM's right to receive indemnification related to the Shepard claim when it entered the default against ASM."  *Id.* at PageID.1025.  Finally, Shepard asserts Acceptance did receive timely notice of the claim and lawsuit pursuant to MCL 500.3008 because its "authorized agent," IRM, investigated the claim and was served with a garnishment order in February 2019, and Acceptance itself was served with a garnishment order a few months later.[3]  *Id.* at PageID.1028. Shepard contends Acceptance could have sought to set aside the default judgment in the Underlying Action but instead chose not to defend against the claim.  *Id.* at PageID.1029-30.

In reply, Plaintiff avers the only attempt at notice before the judgment was entered in the Underlying Action was Fantich's letter to Bobula, which Bobula never received.  Pl. Reply to Mot. for Summ. J., ECF No. 52, PageID.1501.  Moreover, Plaintiff states "IRM only represented itself as an agent—a third party administrator—for ASM" and there is no evidence that IRM was Acceptance's agent.  *Id.*  Additionally, Plaintiff maintains Bobula was based in Texas and could

_____

[3] During the hearing on the Motions, Plaintiff's counsel clarified that Acceptance is not contesting the timeliness of the notice of the claim itself.  Acceptance only disputes the timeliness of the notice of the lawsuit.

10

not serve as an agent under MCL 500.3008.  *Id.* at PageID.1502.  Plaintiff also reiterates that notice via garnishment order is prejudicial, particularly when the judgment was over a year old and thus harder to vacate.  *Id*.  Finally, Plaintiff argues again that the default judgment is law of the case, and thus controlling.  *Id.* at PageID.1504.  Furthermore, Plaintiff contends Shepard, as a party to the action, was in a position to contest the default judgment but failed to do so and is thus precluded from disregarding it now.  *Id.* at PageID.1505.

## 2. Defendant Shepard's Motion for Summary Judgment

Defendant Shepard's Motion for Summary Judgment is substantially similar to her Response to Plaintiff's Motion for Summary Judgment.  *Compare* ECF No. 51 *with* ECF No. 50.  In addition to reiterating the arguments from her Response, Shepard argues it was not "reasonably possible" for her to give earlier notice to Acceptance because, at the time the lawsuit was filed, she had only interacted with IRM.  Def. Mot. for Summ. J., ECF No. 51, PageID.1272.  She contends that Acceptance authorized IRM to act on its behalf by hiring it to investigate the claim, and neither Acceptance nor IRM informed ASM or Shepard that IRM was not the insurer.  *Id.* at PageID.1273.  Thus, she avers the negligence of Acceptance's agent, IRM, should be imputed to Acceptance.  *Id*.  Furthermore, Shepard argues that, if nothing else, she has established agency by estoppel.  *Id*. at PageID.1278.  Finally,

11

Shepard asserts Plaintiff cannot claim its was prejudiced because it did not attempt to set aside the default judgment—in other words, it did not attempt to defend the lawsuit. *Id.* at PageID.1274.

In response, Plaintiff reasserts that Shepard cannot establish timely notice under the Policy. Specifically, Plaintiff contends there is no evidence in the record that Bobula ever received the courtesy copy of the summons and complaint in the Underlying Action and he, in fact, testified that he did not. Pl. Resp. to Def. Mot. for Summ. J., ECF No. 53, PageID.1532. Additionally, Plaintiff avers Defendant Shepard cannot demonstrate notice to Acceptance directly because "there is no proof Shepard was ever in contact with Acceptance" because she did not know Acceptance existed until a year after the entry of default judgment. *Id.* at PageID.1533.

Plaintiff also maintains the Policy requires notice *to Acceptance*; thus, for notice to IRM to be sufficient, Shepard would have to prove a specific relationship between the two entities—that Acceptance authorized IRM to accept notice on its behalf—that she is unable to establish. *Id.* at PageID.1534-35. In particular, Plaintiff contends "Shepard has not submitted a single document defining the relationship between IRM and Acceptance." *Id.* at PageID.1535. Further, Plaintiff argues that not being notified of the Underlying Action until after the default judgment was entered was prejudicial as a matter of law. *Id.* at PageID.1537.

12

Finally, Acceptance asserts Shepard cannot establish agency by estoppel because, given her lack of interactions with Acceptance, she cannot point to any actions by Acceptance that supported her belief that IRM was its agent and empowered to receive notice of the Underlying Action. *Id.* at PageID.1540.

Defendant Shepard did not file a Reply in support of her Motion.

## IV.   LAW & ANALYSIS

### A. Legal Standard

"Summary judgment is appropriate when there is 'no genuine dispute as to any material fact' and the moving party 'is entitled to judgment as a matter of law." *F.P. Dev., LLC v. Charter Twp. of Canton, Michigan*, 16 F.4th 198, 203 (6th Cir. 2021) (quoting Fed. R. Civ. P. 56(a)).  "A fact is material if its resolution will affect the outcome of the lawsuit." *Id.*  The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  To support their arguments for or against summary judgment, parties may "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).  They may also "show[] that the materials cited

13

do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

"[T]he standard that a movant must meet to obtain summary judgment depends on who will bear the burden of proof at trial." *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 491 (6th Cir. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Thus, if the nonmoving party will bear the burden of proof on a claim, the movant "need only demonstrate that the nonmoving party has failed to 'make a showing sufficient to establish the existence of an essential element' of that claim." *Id.* (quoting *Celotex*, 477 U.S. at 322). Thereafter, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). When parties file cross-motions for summary judgment, the court "must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Hensley v. Gassman*, 693 F.3d 681, 686 (6th Cir. 2012) (quoting *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir.1994)).

Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52; *see also Tolan*

14

*v. Cotton*, 572 U.S. 650, 656 (2014) ("[The] general rule [is] that a judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks omitted).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## B. Discussion

Although the parties raise several arguments in support of their Motions for Summary Judgment, the Court will focus on whether notice was sufficient under the Policy because it is dispositive for both Motions.  Specifically, the Court finds there is no genuine issue of material fact that the notice was prejudicial; thus, Plaintiff is entitled to judgment as a matter of law and Defendant Shepard is not entitled to judgment as a matter of law.

15

The Michigan Supreme Court has held "that an insurer who seeks to cut off responsibility on the ground that its insured did not comply with a contract provision requiring notice immediately or within a reasonable time must establish actual prejudice to its position." *Koski v. Allstate Ins. Co.*, 456 Mich. 439, 444 (1998); *see also W. Bay Expl. Co. v. AIG Specialty Agencies of Texas, Inc.*, 915 F.2d 1030, 1036 (6th Cir. 1990) ("Under Michigan law, late notice to an insurance company will not eliminate an insurer's obligations under a policy unless the insurer can demonstrate that it has been prejudiced by the delay.").  "Prejudice to the insurer is a material element in determining whether notice is reasonably given[,] and the burden is on the insurer to demonstrate such prejudice." *Wendel v. Swanberg*, 384 Mich. 468, 478 (1971) (citations omitted).  "[G]iving notice of an 'occurrence' will not relieve an insured of its obligation to provide notice of subsequent claims, suits, demands, or other process." *Tenneco Inc. v. Amerisure Mut. Ins. Co.*, 281 Mich. App. 429, 448 (2008).  However, "knowledge of, or notice to, an insurance agent as to a matter within the scope of his authority, and which is acquired while the agent is acting within the scope of his authority, is chargeable to an insurer." *Wendel*, 384 Mich. at 478 n. 7.

Here, the Policy provides, in pertinent part:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

16

**1. Bankruptcy**

Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a.   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. . . .

b.   If a claim is made or "suit" is brought against any insured, you must:

(1)   Immediately record the specifics of the claim or "suit" and the date received; and

(2)   Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.   You and any other involved insured must:

(1)   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

. . .

d.   No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Policy, ECF No. ECF No. 1-3, PageID.142.

As a threshold matter, the parties dispute the point at which Acceptance received notice of the Underlying Action.[4]   Defendant Shepard, as discussed in Section III *supra*, contends Acceptance received timely notice of the lawsuit via its

---

[4] As stated in Section III *supra*, during the hearing on the Motions, Plaintiff's counsel clarified that Acceptance does not contest the adequacy of the notice of the incident giving rise to Shepard's claim.

17

"authorized agent," IRM, either through Fantich's letter to Bobula with the courtesy copy of the summons and complaint or service of the garnishment order on March 15, 2019.  Def. Resp. to Pl. Mot. for Summ. J., ECF No. 50, PageID.1028; Def. Mot. for Summ. J., ECF No. 51, PageID.1268.  In the alternative, Shepard argues Plaintiff itself was notified of the Underlying Action through service of a writ of garnishment. *Id*.  Plaintiff counters that Shepard is unable to establish that Bobula ever received Fanitch's letter, that Fantich or IRM could serve as Acceptance's agent pursuant to MCL 500.3008, or that IRM was Acceptance's agent and authorized to accept notice on Acceptance's behalf.  Pl. Reply to Mot. for Summ. J., ECF No. 52, PageID.1501-02; Pl. Resp. to Def. Mot. for Summ. J., ECF No. 53, PageID.1532, PageID.1534-35, PageID.1540.

Defendant Shepard asserts notice to IRM can be imputed to Acceptance either pursuant to MCL 500.3008 or under the agency by estoppel theory.  Def. Mot. for Summ. J., ECF No. 51, PageID.1272, PageID.1278.  As to Shepard's first argument, the statute requires liability insurance polices to include "a provision that notice given by or on behalf of the insured to any authorized agent of the insurer *within this state* . . . shall be deemed to be notice to the insurer . . . ."  MICH. COMP. LAWS 500.3008 (emphasis added).  Both Pierce and Bobula, the claims adjusters IRM assigned to Shepard's claim, were based in Texas.  *See* IRM Emails, ECF No. 50-1,

18

PageID.1069, PageiD.1071.  Indeed, Fantich sent the courtesy copy of the summons and complaint in the Underlying Action to Bobula at a Texas address.  Courtesy Copy Ltr., ECF No. 50-1, PageID.1086.  Thus, under a plain reading of the statute, neither Pierce nor Bobula nor IRM can serve as Acceptance's agents under the statute.

Defense counsel attempted to circumvent this straightforward conclusion by arguing during the hearing on the Motions that Pierce and Bobula operated within the State of Michigan because they investigated a claim that arose, and concerned a property, in this state.[5]  However, Defense counsel did not provide any evidence that Pierce or Bobula set foot in the State of Michigan, connected to their investigation or otherwise.  Nor did he provide any authority to support his position that their contacts with the state for the purposes of the claim at issue would be sufficient to make them agents "within this state" pursuant to MCL 500.3008.  As the Court was unable to find any support for this argument either, it fails as a matter of law.

Defendant Shepard's agency estoppel theory is likewise unavailing.  "Under Michigan law, apparent agency only exists where 'the alleged principal [has] made

---

[5] The Court also notes it is not required to consider arguments raised for the first time at oral argument.  *United States v. Mellies*, 329 F. App'x 592, 605 (6th Cir. 2009) (noting that a court may deem issues raised for the first time at oral argument waived).

19

a representation that leads the plaintiff to reasonably believe that an agency existed and to suffer harm on account of a justifiable reliance thereon.'" *Bergin Fin., Inc. v. First Am. Title Co.*, 397 F. App'x 119, 127 (6th Cir. 2010) (quoting *Little v. Howard Johnson Co.*, 183 Mich. App. 675 (1990)) (alteration in original).  Three elements are necessary to establish agency by estoppel:

> (1) the person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one, (2) the belief must be generated by some act or neglect on the part of the principal sought to be charged, and (3) the person relying on the agent's authority must not be guilty of negligence.

*Chapa v. St. Mary's Hosp. of Saginaw*, 192 Mich. App. 29, 33–34 (1991). "[A]pparent authority must be traceable to the principal and cannot be established only by the acts and conduct of the agent." *Alar v. Mercy Mem'l Hosp.*, 208 Mich. App. 518, 528 (1995).

Plaintiff avers, "There is nothing in the record to establish any action by Acceptance to support a belief by Shepard that IRM was an agent empowered to provide notice of the lawsuit to Acceptance."  Pl. Resp. to Def. Mot. for Summ. J., ECF No. 53, PageID.1540.  As stated in Section III *supra*, Defendant Shepard did not file a reply brief.  She has thus effectively conceded this issue.  *Cf. Degolia v.*

20

*Kenton Cty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019) ("[I]t is well understood . . . that when a [party] files an opposition to a dispositive motion and addresses only certain arguments raised by the [movant], a court may treat those arguments that the [party] failed to address as conceded.") (quoting *Rouse v. Caruso*, No. 6-cv-10961-DT, 2011 WL 918327, at \*18 (E.D. Mich. Feb. 18, 2011)) (internal quotation marks omitted); *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument therein is grounds for the district court to grant the motion).

Even if Shepard had not conceded this issue, she is not entitled to summary judgment on this assertion.  During the hearing on the Motions, Defense counsel argued the apparent authority was "traceable" to Acceptance because it hired IRM to conduct the investigation into Shepard's claim.  *See Alar*, 208 Mich. App. at 528. However, Pierce told Fantich that IRM "handle[s] the general liability policy *for the alleged loss location*."  IRM Emails, ECF No. 50-1, PageID.1069 (emphasis added). Additionally, Bobula, informed Fantich that IRM "is the claim administrator *for ASM Holdings*."  *Id.* at PageID.1070 (emphasis added).  Thus, viewing the evidence and drawing inferences in the light most favorable to the nonmovant—which is

21

Acceptance in this instance—IRM investigated the claim on behalf of ASM.[6]  *See Anderson*, 477 U.S. at 255.   Moreover, Plaintiff asserts, and Defendant Shepard admits, that Shepard did not interact with Acceptance until the post-judgment collection proceedings.  *See* Def. Mot. for Summ. J., ECF No. 51, PageID.1272. Accordingly, Shepard cannot point to acts, conduct, or a representation by the purported principal, Acceptance, on which she reasonably relied in believing that IRM was operating as Acceptance's agent.  *See Bergin Fin.*, 397 F. App'x at 127. Shepard is, therefore, not entitled to summary judgment on her apparent agency theory.

Because Shepard cannot establish the requisite agency relationship between IRM and Acceptance, the Court concludes Shepard *sent* notice of the Underlying Action to Acceptance when she served the first order of garnishment, dated August 26, 2019.   Rejected Garnishment Req., ECF No. 1-4, PageID.220.   The Court acknowledges, however, that it appears Acceptance had actual notice of the Underlying Action at least as early as June 24, 2019, when IRM issued ASM the

---

[6]  The Court also notes that, as a third-party administrator, IRM is generally considered a ASM's agent under Michigan law.  *Genesee Foods Servs., Inc. v. Meadowbrook, Inc.*, 279 Mich. App. 649, 654 (2008) ("When an insurance policy is facilitated by an independent insurance agent or broker, the independent insurance agent or broker is considered an agent of the insured rather than an agent of the insurer.") (citation and internal quotation marks omitted).

22

letter stating "Acceptance hereby disclaim[ed] coverage and any duty to defend or indemnify ASM in this matter" because ASM did not notify Acceptance, *inter alia*, when the Underlying Action commenced, when service was perfected, or when the default judgment was entered.  Notice Denial Ltr., ECF No. 1-5, PageID.222. Viewing the evidence and drawing inferences in favor of the nonmovant—still Acceptance for purposes of this issue—Plaintiff likely learned of the proceedings because its counsel represented IRM during the post-judgment collection proceedings.  Def. Mot. to Set Aside, ECF No. 16, PageID.290.  Thus, assuming, *arguendo*, that Acceptance learned of the action when Plaintiff's counsel did in his role as counsel for IRM, Acceptance received actual notice of the Underlying Action as early as March 15, 2019.  Regardless, because all three of these potential dates of notice occur over a year after the default judgment was entered on January 19, 2018, they do not change the Court's analysis of whether the timing of the notice prejudiced Acceptance.  In other words, this issue of fact is not material to the litigation.  *F.P. Dev.*, 16 F.4th at 203 (6th Cir. 2021) ("A fact is material if its resolution will affect the outcome of the lawsuit.").

As discussed in Section III *supra*, Plaintiff contends notice after a default judgment has already been entered is prejudicial as a matter of law.  Pl. Mot. for Summ. J., ECF No. 46, PageID.773.  Defendant Shepard counters that Plaintiff has

23

violated its duty to defend the lawsuit by not attempting to set aside the lawsuit and thus cannot establish prejudice.  Def. Resp. to Pl. Mot. for Summ. J., ECF No. 50, PageID.1030-31.

"An insurer suffers prejudice when the insured's delay in providing notice materially impairs the insurer's ability to contest its liability to the insured or the liability of the insured to a third party."  *Tenneco*, 281 Mich. App. at 448 (citing *W. Bay Expl. Co.*, 915 F.2d at 1036-37).  The question of prejudice is generally one of fact, but it can be a question "of law for the court when only one conclusion can be drawn from the undisputed facts."  *Id.* (citing *Wendel*, 384 Mich. at 478 n. 8; *Wehner v. Foster*, 331 Mich. 113, 120–122 (1951)).

In *Koski*, the Michigan Supreme Court decided a very similar issue to the one presently before this Court.  There, the plaintiff-insured timely filed a claim with the defendant-insurer, and the insurer determined the incident was not covered by the subject insurance policy.  456 Mich. at 442.  After an unsuccessful attempt to reach a settlement with the insurer, the injured party sued the insured.  *Id*.  The insured did not notify the insurer of the lawsuit or defend the action, and the injured party obtained a default judgment.  *Id*.  The insured informed the insurer of the judgment three months after it was entered.  *Id*.  The insurer then filed a declaratory action against the insured.  *Id.* at 442-43.

24

The Michigan Supreme Court found that despite the insurer's finding that the incident was not covered under the subject policy, "nothing in the record indicates that [the insurer] would have refused to defend the suit, if asked, under a reservation of rights." *Id.* at 445. Thus, the insurer "was deprived of any opportunity to engage in discovery, cross-examine witnesses at trial, or present its own evidence relative to liability and damages." *Id.* The Michigan Supreme Court also specifically rejected the insured's argument that the insurer was not prejudiced because it "could have taken certain steps to set the judgment aside." *Id.* at 446.

> We believe that plaintiff overstates [the insurer]'s ability to set aside the default judgment because it is far from certain that [the insurer], standing in the shoes of plaintiff, could have established its entitlement to a new trial. As we stated in *Wendel, supra* at 476, 185 N.W.2d 348, "[o]ur Court has traditionally been strict on setting aside defaults once regularly entered" and such judgments have "generally been regarded as mandatory." MCR 2.603 provides that default may be set aside within twenty-one days after entry of the default. The record indicates that [the insurer] had no knowledge of the suit until three months after the default judgment was entered. Consequently, [the insurer]'s only recourse toward setting aside the judgment was a motion under MCR 2.612, which requires extraordinary circumstances not in existence here. Therefore, the resulting prejudice suffered by [the insurer] is clear.

*Id.* at 446-47.

Here, on the record before the Court, Acceptance learned of the Underlying Action no earlier than March 15, 2019, more than a year after the default judgment

25

was entered.  Michigan Court Rule 2.612 presumes that a defendant moving for relief from a judgment "who did not in fact have knowledge of the pendency of the action" will "enter an appearance within 1 year after final judgment."  The Rule also permits a motion to set aside under "extraordinary circumstances not in existence here." *Koski*, 456 Mich. at 447.  Indeed, Defendant Shepard acknowledged such in her Motion to Set Aside the Entry of Default, stating Acceptance initiated the instant declaratory action because "there was no basis whatsoever to file an untimely Motion to Set Aside the Default Judgment entered on January 18, 2018 in [the Underlying Action]."  ECF No. 16, PageID.290.  Accordingly, Plaintiff, like the insurer in *Koski*, was prejudiced by not receiving notice of the Underlying Action until after the default judgment had been entered.  *See also Foucher v. Kassem*, No. 342478, 2020 WL 4383870, at *8 (Mich. Ct. App. July 30, 2020) ("[G]iven the passage of time, the entry of the default judgment, and the ambiguous testimony of [the injured party]'s attorney regarding how receptive he would have been to setting aside the default judgment by stipulation, we conclude as a matter of law that [the insurer] was prejudiced by the untimely notice by losing the ability to evaluate, negotiate, defend, and settle the suit and to otherwise contest [the insured]'s liability.").

26

Defendant Shepard relies on *Alyas v. Gillard*, 180 Mich. App. 154 (1989) (per curiam) to argue that Plaintiff failed to defend the suit by not moving to set aside the default judgment, but that reliance is misplaced.  As a threshold matter, the Court recognizes that *Alyas* is a Michigan Court of Appeals case that predates *Koski* by over eight years: it would thus hold little, if any, comparative precedential value even if it were analogous to the instant case—and it is not.  In *Alyas*, the plaintiffs were injured in a car accident and brought dramshop actions against the bar that served the other driver involved in the accident.  180 Mich. App. at 157.  After a default judgment was entered against the defendant-insured, the defendant-insured sent notice of the actions to his insurance companies, which refused to defend the claims.  *Id.* at 158.  The defendant settled with the plaintiffs, and a consent judgment was entered against the bar.  *Id*.  After the plaintiffs filed writs of garnishments against the insurers, the insurers filed motions for summary disposition arguing noncompliance with the insurance policies.  *Id.* at 159.  The *Alyas* court concluded

> An insured is released from any agreement not to settle without the insurer's consent where the insurer has denied liability and wrongfully refused to defend.  Upon notice, there is some burden on the insurer to act to protect its interests or those of its insured.  The insurance carrier will not be permitted to benefit by sitting idly by, knowing of the litigation, and watching its insured become prejudiced.

*Id.* at 160.

27

The *Alyas* court specifically found the insurers "refused to take any part in the [settlement] proceedings." *Id.* at 161.  Notably, unlike Plaintiff here, the insurers in *Alyas* were not attacking the default judgment but the consent judgment entered as a result of the insured and plaintiffs' settlement.  At the point at which the *Alyas* insurers were made aware of the litigation, there were still avenues through which they could defend the insured and otherwise vindicate their interests, such as by joining the settlement negotiations.  Here, as a discussed *supra*, at the point at which Acceptance learned of the Underlying Action, it was left with no other option but to file an untimely motion to set aside the default judgment.  The Michigan Supreme Court already determined such situations are prejudicial in *Koski*.  Thus, Plaintiff is entitled to judgment on this issue as a matter of law, and Defendant Shepard's counterarguments that notice was sufficient and that Plaintiff cannot establish prejudice, necessarily, fail as a matter of law.

## V.   CONCLUSION

The Court recognizes that this is an unfortunate outcome in light of ASM's insolvency, but that does not vitiate the notice requirements in the Policy or under Michigan Law.

Accordingly, for the reasons articulated *supra*, **IT IS HEREBY ORDERED** that the Court **GRANTS** Plaintiff's Motion for Summary Judgment (ECF No. 46).

28

**IT IS FURTHER ORDERED** that the Court **DENIES** Defendant Shepard's

Counter Motion for Summary Judgment (ECF No. 51).

**IT IS SO ORDERED**.


/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  April 29, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 29, 2022, by electronic and/or ordinary mail.
/s/ LaShawn Saulsberry for Teresa McGovern
Case Manager

29